**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| ANTHONY BRAXTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.   23-01003 (UNA) |
| | ) | |
| | ) | |
| KRISTIN MCGOUGH, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

This matter, filed *pro se*, is before the Court on its initial review of Plaintiff's Complaint, ECF No. 1, and application for leave to proceed *in forma pauperis*, ECF No. 2.  The Court will grant the application and dismiss the complaint for lack of subject-matter jurisdiction.

The subject-matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332.  Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000.  "For jurisdiction to exist under 28 U.S.C. § 1332, there must be complete diversity between the parties, which is to say that the plaintiff may not be a citizen of the same state as any defendant." *Bush v. Butler*, 521 F. Supp. 2d 63, 71 (D.D.C. 2007) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978)).  It is a "well-established rule" that in order for an action to proceed in diversity, the citizenship requirement must be "assessed at the time the suit is filed." *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991).

A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a).  Failure to plead such facts warrants dismissal of the action. *See* Fed. R. Civ. P. 12(h)(3).

Plaintiff, a District of Columbia resident, has sued an attorney in the District of Columbia for legal malpractice.  The complaint arises from Defendant's representation of Plaintiff in D.C. Superior Court.  *See* Compl. at 1-2.  For this Court to exercise jurisdiction, the complaint "must meet the standards of diversity."  *Bigelow v. Knight*, 737 F. Supp. 669, 670 (D.D.C. 1990). Plaintiff has not met his burden "to allege the domicile and citizenship of the parties."  *Id*. Therefore, this case will be dismissed by separate order.

_____
TREVOR N. McFADDEN
Date: June 7, 2023                                          United States District Judge